UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KIERRA MARIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v | ) | No. 4:24CV1315 HEA |
| | ) | |
| STATE FARM INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss, [Doc. No. 7]. Plaintiff has not responded to the Motion. For the reasons set forth below, the Motion will be granted.

**Facts and Background**

Plaintiff brought this matter *pro* se in the Circuit Court for the City of St. Louis, Missouri. Defendant removed the matter based on the Court's diversity of citizenship jurisdiction. 28 U.S.C. § 1332. Plaintiff claims Defendant, her insurer, wrongfully refused to pay her a claim. While including no facts to support her claims, Plaintiff states she is suing Defendant for breach of contract, bad faith, and no reasonable basis for denial. Plaintiff also, in a completely conclusory statement, claims a refusal to defend, which would, if properly plead, would fall within the

parameters of a breach of contract claim. Defendant moves to dismiss for failure to state a claim.

## Legal Standard

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When analyzing a motion to dismiss, "a court must accept the allegations contained in the complaint as true and make all reasonable inferences in favor of the nonmoving party." *Martin v. Iowa*, 752 F.3d 725, 727 (8th Cir. 2014). However, courts "need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts." *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019).

## Discussion

Defendant moves to dismiss arguing Plaintiff's Petition fails to state a claim since Missouri law only provides breach of contract and vexatious refusal to pay actions against insurers, and as a mutual insurance company, such actions cannot lie against it.

> "[A]n insurance company's denial of coverage itself is actionable only as a breach of contract and, where appropriate, a claim for vexatious refusal to pay." *Overcast v. Billings Mut. Ins. Co.*, 11 S.W.3d 62, 69 (Mo. banc 2000) (denying fraud and negligent misrepresentation claims where the insured's claims were "based on [the insurer's] refusal to pay"). See *Wiles v. Capitol*

2

*Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) ("An insured cannot recast a contract claim as a conspiracy tort under Missouri law."), citing *Meeker v. Shelter Mut. Ins. Co.*, 766 S.W.2d 733, 742–43 (Mo. App. 1989). "Appellant is foreclosed from asserting [bad faith] claims against [the insurer] because the facts pled in those counts are already within its causes of action for breach of contract and vexatious refusal to pay." *Ryann Spencer Grp., Inc. v. Assurance Co. of Am.*, 275 S.W.3d 284, 290 (Mo. App. 2008). Cf. Overcast, 11 S.W.3d at 68 (Missouri Supreme Court holding that a policyholder could bring a defamation claim against an insurer where it "is based on conduct quite distinct from conduct that merely constituted a breach of contract.").

*Mt. Hawley Ins. Co. v. City of Richmond Heights, Missouri*, 92 F.4th 763, 768 (8th Cir. 2024). Plaintiff's tort claim of bad faith fails to state a claim.

With respect to any breach of contract and vexatious refusal to pay, even if they were properly pled under the *Iqbal* standard, they must be dismissed. Defendant has provided its Certificate of Authority from the Missouri Department of Insurance to operate within the State of Missouri as a mutual insurance company.

Section 380.511 of the Revised Statutes of Missouri provides:

1. Any company operating under sections 380.201 to 380.591 shall be exempt from all provisions of other insurance laws of this state except as otherwise specifically designated in this chapter. No law hereafter passed shall apply to any company operating under the provisions of sections 380.201 to 380.591 unless such law shall expressly declare that it is applicable to such company.

RSMo. § 380.511. Thus, as a mutual insurance company authorized by the State of Missouri, Defendant is exempt from breach of contract and vexatious refusal claims. *Ingrum v. CFM Ins., Inc.*, No. SD 38338, 2024 WL 5134604, at *1 (Mo.

Ct. App. Dec. 17, 2024), reh'g and/or transfer denied (Jan. 2, 2025)(section

380.511 exempts mutual insurance companies organized under sections 380.201 to

380.591 from certain insurance laws, including vexatious-refusal-to-pay claims

and valued-policy claims.)

### Conclusion

Plaintiff's Petition fails to satisfy the pleading requirements of *Iqbal* to state

a plausible claim against Defendant. The claims against it must, therefore, be

dismissed.

An appropriate Order of Dismissal is entered this same date.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiff's

Petition is granted

**IT IS FURTHER ORDERED** that this action is dismissed.

Dated this 10th day of January, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE